UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TWIN RIVERS ENGINEERING, INC.,

      Plaintiff,

v.                                 Case No:  6:17-mc-53-Orl-40TBS

FIELDPIECE INSTRUMENTS, INC. and
CHY FIREMATE CO., LTD.,

      Defendants.

_____

## ORDER

This case comes before the Court without a hearing on Defendants Fieldpiece Instruments, Inc. and CHY Firemate Co., Ltd.'s Motion for Reasonable Expenses and Fees Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) (Doc. 11). Plaintiff has not filed a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

treated motion for summary judgment as unopposed). The Court treats Defendants' motion as unopposed.

This dispute arises out of a case pending in the Central District of California (Doc. 6 at 1). On October 17, 2017, Defendants issued four amended FED. R. CIV. P. 30(b)(6) notices of taking Plaintiff's deposition in this district on four consecutive days commencing Monday, October 30 (Doc. 11-13 at 9-22). Defendants also noticed the deposition of Plaintiff's principal, William Williams, to occur on an unknown date around October 30 (Doc. 2 at 1-2).[2]

Non-party Frank Baker is a witness all parties would like to depose (Doc. 11-15 at 7). They were aware that Mr. Baker had health issues and on September 21, 2017, Defendants asked Plaintiff for a doctor's letter concerning his ability to sit for a deposition (Doc. 11-8 at 2). That letter was not forthcoming and on October 17, Defendants noticed Mr. Baker's deposition for November 3 (Doc. 1-1). The next day, Defendants served a deposition subpoena on Mr. Baker (Id.). In fact, Mr. Baker was gravely ill, as explained in an October 25 letter his doctor sent to defense counsel (Doc. 11-4 at 2). The Court does not know when Defendants first saw the doctor's letter.

On Thursday, October 26, Plaintiff delivered hundreds of pages of documents to Defendants (Doc. 5-1 at 2). On Sunday, October 29, Defendants suggested the parties postpone Plaintiff's deposition from Monday the 30th until Tuesday, October 31, to give Defendants time to review the documents Plaintiff had "dumped" on them (Id.). In the same email, Defendants suggested postponing Mr. Baker's deposition until he was more able to be deposed (Id.). Plaintiff did not respond to the email (Doc. 9 at 25).

---

[2] Defendants filed an October 30, 2017 Notice of Non-Appearance for Mr. Williams' deposition which suggests the possibility that they intended to depose him simultaneously in his corporate representative and individual capacities (Doc. 11-13 at 2).

On October 30, Defendants received an email from Mr. Baker's daughter-in-law confirming that he was too sick to testify and at 11:51 that morning they agreed to cancel the deposition (Doc. 11-6 at 3). Defendants served a notice of cancelling the deposition later that day (Doc. 5-3 at 2).

On October 30, 2017, Plaintiffs' counsel and an attorney representing Mr. Baker jointly filed an emergency motion to quash the subpoena, or in the alternative, for a protective order (Doc. 1). In the motion, Plaintiff's counsel certified that: "Pursuant to Local Rules and Federal Rule of Civil Procedure 26(c)(1), the undersigned certifies that counsel for non-party Frank Baker has conferred in good faith with counsel seeking discovery, who would not consent to the relief requested herein." (Id., at 5).

Also on October 30, counsel for Plaintiff filed an emergency motion for a protective order and to limit the duration of their client's deposition (Doc. 2). As grounds, Plaintiff alleged that Mr. Williams is the corporate representative and Defendants were attempting to depose him for five days in both his corporate and individual capacities, in violation of FED. R. CIV. P. 30(d)(1) (Id., at 2). Plaintiff also asserted that: "The parties had previously agreed to commence the depositions on Monday, October 30th but Fieldpiece, on Sunday October 29th, after counsel travelled to Florida, unilaterally cancelled the Monday deposition and announced it would start on Tuesday October 31st." (Id., n. 1).

Plaintiff's counsel filed a handwritten request that the Court hold a hearing on the motion to quash and the motion for protective order the next day at 9:30 a.m. (Doc. 3). Because counsel for Mr. Baker and Plaintiff alleged that these matters were emergencies, the Court set both motions for hearing at 10:30 a.m., on October 31 (Doc. 4).[3] Between

---

[3] Neither motion presented a true emergency. "Emergencies generally involve risks to the health and safety of individuals, situations where a person is about to be deported, scenarios involving the imminent destruction of property, circumstances under which a business is in real danger of immediate failure or

the filing of the motions and the hearing on October 31, Defendants filed written responses to both motions (Docs. 5-6). They represent that they "requested a total of '15 hours over 3 consecutive days with a possible 3 hours on a 4th day'" to depose Plaintiff (Doc. 6 at 2) (emphasis in original). Defendants deny unilaterally cancelling the deposition set for Monday, October 30 and state that Plaintiff simply failed to appear (Doc. 11 at 2, 5).

At the October 31, 2017 hearing, Plaintiff's attorney told the Court his side did not know until after the motion to quash and for protective order was filed that Defendants had withdrawn the subpoena for Mr. Baker's deposition (Id., pg. 3 at 24). But, in response to the Court's question, Plaintiff's attorney admitted that he had received an email "about ten minutes before the actual time the motion was stamped in with the clerk." (Id., pg. 3 at 24 – pg. 4 at 1). After listening to counsels' arguments, the Court denied Mr. Baker's emergency motion for a protective order or, in the alternative, to quash the subpoena for his deposition (Id., pg. 7 at 7). The Court took this action in part, because the motion was moot before it was filed.

As for the emergency motion for a protective order with respect to the Rule 30(b)(6) deposition of Plaintiff, the Court was informed that a judge in California had already denied a request for a telephone conference on the matter (Id., pg. 9 at 3). However, counsel for Plaintiff argued, "the rules specifically designate that such a request for a protective order was to be filed in the district where the deposition is to be taken."

---

significant financial collapse or cases where someone is at risk of being denied an essential service." VMR Prods., LLC v. Elec. Cigarettes Outlet, LLC, No. 12-23092, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013). All of the issues presented could, and should have been resolved prior to October 17, 2017.

(Id., pg. 8 at 6). As grounds for this statement, counsel cited FED. R. CIV. P. 30(d)(3)(A) which provides:

> (A) *Grounds*. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

FED. R. CIV. P. 30(d)(3)(A). (Doc. 9, pg. 8 at 12). Plaintiff's counsel conceded that the motion for protective order was filed before the deposition was scheduled to begin (Id., at 22). Following the arguments, the Court denied Plaintiff's motion for a protective order (Id., pg. 10 at 24). In a subsequent written Order the Court explained that Rule 30(d)(3)(A) is directed to deposition misconduct and was not meant to supplant the California district court's authority over the general scope of discovery. This construction is borne out by the provision in the rule that if a deposition is terminated, "the deposition may be resumed only by order of the court where the action is pending." See Rule 30(d)(3)(B).

Defendants seek an award of their reasonable legal expenses, including attorney's fees, pursuant to FED. R. CIV. P. 37(a)(5)(B), for defending against the motions. None of the exceptions to the rule apply and accordingly, Defendants' motion is **GRANTED**. Defendants shall recover from Plaintiff their reasonable legal expenses for defending the motions to quash and for protective orders.[4] Defendants have 14 days to file their application for fees and costs and Plaintiff will have 14 days to respond. The parties may

---

[4]Defendants do not seek to recover attorney's fees and costs from Frank Baker and if they had, in all likelihood, that motion would have been denied since Plaintiff and its counsel were clearly the driving force behind both motions.

avoid this process by resolving this matter between themselves and filing a notice of resolution within the next 14 days.

      **DONE** and **ORDERED** in Orlando, Florida on November 27, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record