UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TWIN RIVERS ENGINEERING, INC.,

    Plaintiff,

v.                                              Case No:   6:17-mc-53-Orl-40TBS

FIELDPIECE INSTRUMENTS, INC. and
CHY FIREMATE CO., LTD.,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendants Fieldpiece Instruments, Inc. and CHY Firemate Co., Ltd.'s Motion for Reasonable Expenses and Fees Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) (Doc. 14). Plaintiff has not filed a response to the motion and the time within to do so has expired. As the Court explained in an earlier Order, when a party fails to respond, that is an indication that the motion is unopposed (Doc. 12). Based upon its lack of response, the Court finds that Plaintiff does not oppose Defendants' motion.

This is an offshoot of a case currently pending in the Central District of California. On October 17, 2017, Defendants issued four amended FED. R. CIV. P. 30(b)(6) notices of taking Plaintiff's deposition commencing Monday, October 30 (Doc. 11-13 at 9-22). They also noticed the deposition of Plaintiff's principal, William Williams, to occur on an unknown date around October 30 (Doc. 2 at 1-2).[1]

---

[1] Defendants filed an October 30, 2017 Notice of Non-Appearance for Mr. Williams' deposition which suggests they intended to depose him simultaneously in his representative and individual capacities (Doc. 11-13 at 2).

Frank Baker is a witness all parties would like to depose (Doc. 11-15 at 7). They were aware that he had health issues and on September 21, 2017, Defendants asked Plaintiff for a doctor's letter concerning Mr. Baker's ability to sit for a deposition (Doc. 11-8 at 2). The letter was not forthcoming and on October 17, Defendants noticed Mr. Baker's deposition for November 3 (Doc. 1-1). The next day, Defendants served a deposition subpoena on Mr. Baker (Id.). In fact, Mr. Baker was gravely ill (Doc. 11-4 at 2).

On Thursday, October 26, Plaintiff delivered hundreds of pages of documents to Defendants (Doc. 5-1 at 2). On Sunday October 29, Defendants suggested the parties postpone Plaintiff's deposition from Monday the 30th to Tuesday the 31st to give Defendants time to review the documents Plaintiff had "dumped" on them (Id.). In the same email, Defendants suggested postponing Mr. Baker's deposition until he was in better condition to be deposed (Id.). Plaintiff did not respond to the email (Doc. 9 at 25).

On Monday October 30, Defendants received an email from Mr. Baker's daughter-in-law confirming that Mr. Baker was too sick to testify and at 11:51 that morning they agreed to cancel the deposition (Doc. 11-6 at 3). Defendants served a notice of cancelling the deposition later in the day (Doc. 5-3 at 2).

That same day, Plaintiffs' counsel and an attorney representing Mr. Baker jointly filed an emergency motion to quash the Baker subpoena, or in the alternative, for a protective order (Doc. 1). In the motion, Plaintiff's counsel said: "Pursuant to Local Rules and Federal Rule of Civil Procedure 26(c)(1), the undersigned certifies that counsel for non-party Frank Baker has conferred in good faith with counsel seeking discovery, who would not consent to the relief requested herein." (Id., at 5).

Plaintiff also filed an emergency motion for a protective order and to limit the duration of its deposition (Doc. 2). As grounds, Plaintiff alleged that Mr. Williams is its corporate representative and that Defendants were attempting to depose him for five days in both his representative and individual capacities, in violation of FED. R. CIV. P. 30(d)(1) (Id., at 2). Plaintiff said: "The parties had previously agreed to commence the depositions on Monday, October 30th but Fieldpiece, on Sunday October 29th, after counsel travelled to Florida, unilaterally cancelled the Monday deposition and announced it would start on Tuesday October 31st." (Id., n. 1). Defendants disputed this assertion and alleged that Plaintiff simply failed to appear for the deposition (Doc. 11 at 2, 5).

Counsel for Plaintiff asked the Court to hold a next day hearing on both motions (Doc. 3). Because counsel alleged that these matters were emergencies, the Court set both motions for hearing at 10:30 a.m., on October 31 (Doc. 4). Between the filing of the motions and the hearing, Defendants filed written responses to both motions (Docs. 5-6).

During the hearing, Plaintiff's attorney told the Court his side did not know until after the motion to quash and for protective order was filed that Defendants had withdrawn the subpoena for Mr. Baker's deposition (Id., pg. 3 at 24). But, counsel admitted that he had received an email "about ten minutes before the actual time the motion was stamped in with the clerk." (Id., pg. 3 at 24 - pg. 4 at 1). After listening to the arguments, the Court denied Mr. Baker's emergency motion (Id., pg. 7 at 7).

On the emergency motion for a protective order with respect to the deposition of Plaintiff, the Court was informed that a judge in California had already denied a request for a telephone conference on the matter (Id., pg. 9 at 3). But, counsel for Plaintiff argued, "the rules specifically designate that such a request for a protective order was to be filed in the district where the deposition is to be taken." (Id., pg. 8 at 6). As

grounds for this statement, counsel cited FED. R. CIV. P. 30(d)(3)(A). The Court found the rule inapplicable because Plaintiff's motion was filed before the deposition was scheduled to begin[2] (Id., at 22).

The Court also found Plaintiff liable for Defendants' reasonable legal expenses incurred to defend the Emergency Motion and Supporting Memorandum to Quash Subpoena, or Alternatively, for Protective Order and the Emergency Motion and Supporting Memorandum for Protective Order to Limit Duration of Deposition (Doc. 12). Now, the Court must decide Defendants' application for an award of $8,257.00 in attorney's fees to defend these motions.

The Court employs the lodestar approach as the first step in calculating a reasonable fee for counsels' services. "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Storfer v. Guarantee Trust Life Ins. Co., 666 F.3d 1277, (11th Cir. 2011) (citing Insurance Co. of North America v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991). "[T]he lodestar as calculated in Hensley presumptively includes all of the twelve factors derived from the ABA Code of Professional Responsibility DR 2–106 (1980) and adopted in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), except on rare

---

[2] The Court found that Rule 30(d)(3)(A) is directed to deposition misconduct and was not meant to supplant the California district court's authority over the general scope of discovery.

occasions the factor of results obtained and, perhaps, enhancement for contingency." Norman, 836 F.2d at 1299.[3]

Once the Court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors including the results obtained. Storfer v. Guarantee Trust Life Ins. Co., 666 F.3d 1277, (11th Cir. 2011) (citing Insurance Co. of North America v. Lexow, 937 F.2d 569, 571 (11th Cir. 1991). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). The Court is "an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

The amount of time billed is viewed as "the most useful starting point for determining the amount of a reasonable fee." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The fee applicant should present records detailing the amount of work performed. Once adequate billing records are produced the opponent "has the burden of pointing out with specificity which hours should be deducted." Rynd v. Nationwide Mutual Fire Ins. Co.,

---

[3] The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19 (abrogated on other grounds by Blanchard v. Bergeron, 109 S.Ct. 939, 489 U.S. 87, 103 L.Ed.2d 67 (1989)).

No. 8:09-cv-1556-T-27TGW, 2012 U.S. Dist. LEXIS 37973, * 9 (M.D. Fla. Jan. 25, 2012) (quoting Centex-Rooney Const. Co., Inc. v. Martin County, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999).

Defendants' motion includes reports showing the dates upon which the claimed legal services were provided, who provided each service, descriptions of the services performed, the time spent to perform the services, and the amounts charged (Doc. 14-1 at 8-13). Defendants seek reimbursement as follows:

| Timekeeper | Rate | Hours | Extension |
|---|---|---|---|
| Chris Joe | $500 | 0.5 | $250.00 |
| Ken Kula | $500 | 11.3 | $5,650.00 |
| Niky Bukovcan | $395 | 3.2 | $1,264.00 |
| Adam Goldman | $385 | 1.3 | $500.50 |
| Michael Pomeroy | $225 | 2.1 | $472.50 |
| Angela Moreland | $120 | 1.0 | $120.00 |
| Total | | | $8,257.00 |

(Doc. 14 at 7-8).

Mr. Joe has been licensed to practice law in Texas since 1993 (Doc. 14-1, ¶ 4). He is AV rated by Martindale-Hubbell, and has been recognized as a Texas Rising Star (2006-2008), and Texas Super Lawyer (2013-2016) by Super Lawyer's Magazine (Id.). Mr. Kula is an AV rated lawyer who has been litigating intellectual property cases for 24 years. He is licensed to practice law in Texas, Missouri, Kansas (inactive), and Nebraska (inactive) (Id., ¶ 2). Ms. Bukovcan has been practicing law for 10 years (Id., ¶ 6). Mr. Pomeroy is a first year associate (Id., ¶ 8). Mr. Goldman has been licensed to practice law for 7 years. In 2017 he was recognized as one of the 40 under 40 Outstanding

Lawyers of South Florida, a Legal Elite Up & Comer by Florida Trend Magazine, and a Super Lawyers Rising Star: Top Rated Intellectual Property Attorney (Id., ¶ 10). Ms. Moreland is a Florida Registered Paralegal with 9 years of experience (Id., ¶ 12).

Defendants' application for fees and costs is supported by the Declaration of David S. Johnson, a Florida lawyer with 20 years of experience who opines that the hourly rates charged and the time billed are reasonable (Doc. 14-1 at 19-22).

This brings the Court to the Johnson factors:

(1) The Time and Labor Required. Defendants seek fees for: (a) communications regarding Mr. Baker's condition and the taking of his deposition and Plaintiff's deposition; (b) the cancellation of Mr. Baker's deposition; (b) attendance at Plaintiff's deposition; (c) requesting assistance from the district court for the Central District of California; (d) reading and responding to the emergency motions; (d) locating local counsel in Florida; (e) arguing the emergency motions; and (g) conferences between counsel for Defendants concerning these matters. Objections that Defendants' counsel block billed some of their time and that some of the labor for which compensation is sought is not compensable on this motion could have been made. Because Plaintiff did not respond to the motion the Court will not dwell on these concerns except to say Defendants' counsel should be allowed some leeway due to the time constraints under which they were operating. It appears that the compressed time in which work had to be performed resulted in inefficiencies the Court will not penalize Defendants for because they did not cause the situation. Now, the Court finds that the time and labor required is reasonably reflected in counsels' billing reports.

(2) The Novelty and Difficulty of the Work. The services rendered were not novel or difficult.

(3) <u>The Skill Requisite to Perform the Legal Services Properly</u>. The work required an attorney who possessed good judgment and at least average substantive legal knowledge.

(4) <u>The Preclusion of other Employment</u>. This factor is not applicable.

(5) <u>The Customary Fee</u>. Counsel charged Defendants their customary 2017 hourly rates which are at the high end of the range of reasonable hourly rates for similar work in this district.

(6) <u>Whether the Fee is Fixed or Contingent</u>. The work was not done on a contingent fee basis.

(7) <u>Time Limitations Imposed by the Client or Circumstances</u>. This is a key factor in the determination of a reasonable fee for the services of Defendants' lawyers. In approximately 24 hours counsel were called upon to: make the decision to cancel Mr. Baker's deposition; respond to Plaintiff and Mr. Williams' failure to appear for deposition; and read, research, respond to, and then argue the emergency motions. Given the short amount of time in which this work was performed it was reasonable for Defendants to employ multiple lawyers, for those lawyers to confer on strategy, and for them to review and edit one another's work. If these events had not occurred in a such a short period of time, then the Court would have expected fewer attorneys to be involved and that the services rendered would have been performed more efficiently. But under the circumstances, that was not possible. Immediate action was required, which necessarily meant more lawyers and a less efficient, but ultimately successful response to the emergency motions.

(8) <u>The Amount Involved and the Results Obtained</u>. This is an intellectual property case in which Plaintiff is suing Defendants for more than $50 million (Doc. 6 at 2). Counsel

for Defendants obtained a good result on all matters that are the subject of this motion.

(9) <u>The Experience, Reputation, and Ability of Counsel</u>. The lawyers representing Defendants have significantly different experience, reputations and abilities. That said, lead counsel appear to be well regarded, highly experienced, and advocated ably for their clients.

(10) <u>The Undesirability of the Case</u>. This factor is not applicable.

(11) <u>The Nature and Length of the Professional Relationship with the Client</u>. This factor is not applicable.

(12) <u>Awards in Similar Cases</u>. While the amount sought is high, due to the short amount of time in which the services had to be performed, and the importance of the depositions to the successful litigation of the case, the Court finds that the fees sought are comparable to what would be claimed under similar circumstances in similar cases in this district.

After considering all of these factors, the Court finds the hours billed by Defendants' counsel and the hourly rates charged are reasonable. Accordingly, the motion for attorney's fees is **GRANTED**. Defendants shall recover $8,257.00 in attorney's fees from Plaintiff.

Defendants also seek $66.55 to purchase a transcript of the October 31, 2017 hearing; $253.00 for the attendance of a court reporter and the issuance of a certificate of Mr. Williams' non-appearance; and $265.00 for a videographer for the same deposition (Doc. 14-1 at 15-17). After considering these costs in conjunction with 28 U.S.C. § 1920, FED. R. CIV. P. 54(d), and applicable case law the Court is not persuaded that they were necessarily incurred to defend the emergency motions and therefore, the motion to recover these costs is **DENIED**. Admittedly, the Court is awarding fees in connection with some of the same activities which resulted in these costs. That is due in part to the

difficulty the Court would have faced if it had undertaken to separate counsel's block billed time entries. The costs do not present the same problem. This Order does not preclude the recovery of these costs at some other stage in the case.

**DONE** and **ORDERED** in Orlando, Florida on December 28, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record