UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TWIN RIVERS ENGINEERING, INC.,

    Plaintiff,

v.                                            Case No: 6:17-mc-53-Orl-40TBS

FIELDPIECE INSTRUMENTS, INC. and
CHY FIREMATE CO., LTD.,

    Defendants.

## ORDER

This cause came on for consideration with an evidentiary hearing on Plaintiff Twin Rivers Engineering, Inc.'s Motion to Set Aside Order Awarding Reasonable Attorney's Fees (Doc. 24) and Defendants' Motion to Compel Plaintiff's response to post-judgment discovery requests (Doc. 27). For the reasons set forth herein, Plaintiff's motion to set aside is **DENIED** and Defendants' motion to compel is **GRANTED.**

Background

The history of this dispute is lengthy, but recitation here is necessary to understand the unfortunate circumstances presented. The following chronology is taken from the instant miscellaneous docket and that of the underlying California case.

On November 23, 2015, Plaintiff Twin Rivers filed a complaint in the Eastern District of Texas against Defendant Fieldpiece alleging claims for: (1) infringement of U.S. Patent No. 7,022,993; (2) false marking under 35 U.S.C. § 292; and (3) unfair competition under Section 43(a) of the Lanham Act. Twin Rivers amended its complaint, adding a claim for per se unlawful concerted refusal to deal under 15 U.S.C. § 1, and then filed a second amended complaint, adding CHY Firemate as an additional defendant. The Texas

district court granted Defendant Fieldpiece's motion to change venue and transferred the case to the Central District of California. <u>Twin Rivers Engineering, Inc. v. Fieldpiece Instruments, Inc. and CHY Firemate Co., Ltd.,</u> Case No. 2:16-cv-04502-MLH (the underlying action). Defendants answered and asserted counterclaims.

On October 17, 2017, in the underlying action, Defendants issued four amended FED. R. CIV. P. 30(b)(6) notices of taking Plaintiff's deposition in the Middle District of Florida on four consecutive days commencing Monday, October 30. Defendants also noticed the deposition of Plaintiff's principal, William Williams, to occur on an unknown date around October 30. In addition to the 30(b)(6) deposition, Defendants sought to depose non-party Frank Baker. Defendants noticed Mr. Baker's deposition to occur in Florida on November 3rd and served Mr. Baker with a deposition subpoena issued from the Central District of California (Doc. 1-1). Mr. Baker, unfortunately, was gravely ill.

On Thursday, October 26, 2017, Plaintiff produced a number of documents to Defendants. On Sunday, October 29, Defendants suggested the parties postpone Plaintiff's deposition from Monday the 30th until Tuesday, October 31, to give Defendants time to review the documents Plaintiff had "dumped" on them. In the same email, Defendants suggested postponing Mr. Baker's deposition until he was more able to be deposed. Plaintiff did not respond to the email. On October 30, Defendants received an email from Mr. Baker's daughter-in-law confirming that he was too sick to testify and at 11:51 that morning, they agreed to cancel his deposition. Defendants served a notice of cancelling the deposition later that day.

Defense counsel attended the deposition of Plaintiff as scheduled on Monday, October 30, 2017 at 9:30 a.m., in Florida. Plaintiff and its lawyers did not appear for the deposition.

On October 30, 2017, Mr. Baker, through Plaintiff's local counsel, filed an emergency motion to quash the subpoena, or in the alternative, for a protective order, in this Court (Doc. 1). The motion was signed by Tino Gonzalez, a Florida attorney who is a member of the bar of this District Court. The motion listed two additional lawyers as "counsel for Twin Rivers" - L. Peter Farkas and Lawrence Harbin - neither of whom signed the motion and neither of whom reside in this district or are members of this Court's bar. In the motion, Mr. Gonzalez certified that: "Pursuant to Local Rules and Federal Rule of Civil Procedure 26(c)(1), the undersigned certifies that counsel for non-party Frank Baker has conferred in good faith with counsel seeking discovery, who would not consent to the relief requested herein."

Also on October 30, counsel for Plaintiff filed in this Court an emergency motion for a protective order and to limit the duration of their client's deposition (Doc. 2). As grounds, Plaintiff alleged that Mr. Williams is the corporate representative and Defendants were attempting to depose him for five days in both his corporate and individual capacities, in violation of FED. R. CIV. P. 30(d)(1). Plaintiff also asserted that: "The parties had previously agreed to commence the depositions on Monday, October 30th but Fieldpiece, on Sunday October 29th, after counsel travelled to Florida, unilaterally cancelled the Monday deposition and announced it would start on Tuesday October 31st." The motion was signed by Mr. Gonzalez, with Mr. Farkas and Mr. Harbin (who did not sign the motion) also noted as counsel. The motions were accompanied by a handwritten request signed by Mr. Harbin, asking this Court to hold a hearing on the motion to quash and the motion for protective order the next day at 9:30 a.m. (Doc. 3). Because counsel for Mr.

Baker and Plaintiff alleged that these matters were emergencies, the Court set both motions for hearing at 10:30 a.m., on October 31 (Doc. 4).[1]

Between the filing of the motions and the hearing on October 31, Defendants filed written responses to both motions (Docs. 5-6). They represented that they had requested a total of "15 hours over 3 consecutive days with a possible 3 hours on a 4th day'" to depose Plaintiff (Doc. 6 at 2) (emphasis in original). Defendants denied unilaterally cancelling the deposition set for Monday, October 30 and stated that Plaintiff simply failed to appear (Doc. 11 at 2, 5).

By Order entered October 31, the Court denied both emergency motions (Doc. 8). As for the motion to quash:

> Plaintiff's attorney told the Court his side did not know until after the motion to quash and for protective order was filed that Defendants had withdrawn the subpoena for Mr. Baker's deposition (Id., pg. 3 at 24). But, in response to the Court's question, Plaintiff's attorney admitted that he had received an email "about ten minutes before the actual time the motion was stamped in with the clerk." (Id., pg. 3 at 24 - pg. 4 at 1). After listening to counsels' arguments, the Court denied Mr. Baker's emergency motion for a protective order or, in the alternative, to quash the subpoena for his deposition (Id., pg. 7 at 7). The Court took this action in part, because the motion was moot before it was filed.

(Doc. 12; Doc. 8). As for the emergency motion for a protective order with respect to the Rule 30(b)(6) deposition of Plaintiff, the Court denied the motion, as "the scope of discovery of a party is a matter properly determined by the Court where the action is pending." (Doc. 8; see also Doc. 12). The Court also found that neither motion constituted an emergency.

---

[1] The Court terminated the "request for a hearing" (Doc. 3), finding that it failed to comply with this Court's local rules in several aspects and would normally be stricken for improper form (Doc. 8). The hearing was held on the Court's own motion (Id.).

On November 1, 2017, Defendants filed in the California case a motion for sanctions pursuant to Rule 37(d)(1)(A)(i) against Plaintiff, based on Plaintiff's failure to attend its deposition on October 30. On November 21, 2017, Plaintiff filed a response to the motion for sanctions and a cross-motion for sanctions pursuant to Rule 26(g)(3), arguing that the four Rule 30(b)(6) notices were an improper attempt to subvert Rule 30(d)(1)'s time limitations.

Meanwhile, on November 2, 2017, Defendants' counsel informed Plaintiff's District of Columbia based lawyers that Defendants planned to file a "Motion for Sanctions in the Middle District of Florida with respect to the denial of [Plaintiff's] 'Emergency Motion to Quash." Counsel conferred, but no resolution was reached and on November 7, 2017, Defendants filed their Motion for Reasonable Expenses and Attorney's Fees (Doc. 11) in this Court. The Court's CM/ECF system shows that the motion was docketed "on 11/7/2017 at 4:30 PM EST" and "Notice has been electronically mailed to: ... Tino Gonzalez tino@tinolegal.com, Office@TinoLegal.com." Plaintiff did not file a response to the motion and, on November 27, 2017, the Court granted the motion as to entitlement, and directed a filing as to the amount of fees to be awarded (Doc. 12).

On December 11, 2017, the California court issued its Order denying the parties' cross motions for sanctions (Doc. 24-2). In doing so, Judge Huff found that "there is no evidence in the record showing that Plaintiff's failure to attend the 30(b)(6) deposition was due to bad faith. Rather, Plaintiff's failure to attend the deposition appears to be due to a misunderstanding and miscommunication between the parties." (Id.). Citing, in part, this Court's denial of the motion for protective order, the California court also declined to sanction Defendants (Id.). Notably, the California court made specific mention of the November 27, 2017 Order of this Court granting Defendants' motion pursuant to Rule

37(a)(5)(B) for an award of reasonable legal expenses, including attorneys' fees, incurred in defending against Plaintiff's two October 30, 2017 motions (Id., at n. 1).

Also on December 11, 2017, Defendants filed in this Court, their verified application for attorney fees and costs relating to the emergency motions (Doc. 14). Defendants' motion includes emails to Mr. Farkas and Mr. Harbin regarding settling the "Florida Attorney's Fees & Costs issue." (Doc. 14-1). A December 8th email specifically referenced "Judge Smith's Order." (Id.). Plaintiff did not respond to these emails. The Court's CMECF filing system shows that, on December 11, 2017 at 6:00 PM, "Notice [of the motion] has been electronically mailed to: ... Tino Gonzalez tino@tinolegal.com, Office@TinoLegal.com."

Plaintiff did not file a response to the December 11th motion. On December 28, 2017, this Court granted the motion in part, awarding $8,257 in attorney's fees while denying recovery of the claimed costs (Doc. 15).

On January 29, 2018, Defendants filed a renewed motion to enforce the Order granting Defendants attorney's fees (Doc. 18). As with every other paper filed by Defendants in this case, a Notice was sent by CM/ECF to Mr. Gonzalez. Importantly, the motion included the following certification:

> Pursuant to a Court-Ordered Meet & Confer because of Plaintiff's refusal to otherwise Meet & Confer on a variety of issues, the Parties conducted an omnibus Meet & Confer, and **Plaintiff indicated it opposes this Motion and will be moving to set aside this Court's Order granting Defendants' attorneys' fees because it contends that neither TRE, its National Counsel or Local Counsel ever received notice thereof via the Court's CM/ECF system or otherwise.**

(Doc. 18 at 4 – emphasis added). Despite this representation, Plaintiff did not file anything in response to the motion. A report and recommendation was entered on

March 2, 2018, recommending that the motion be granted in part, and that the Court enter a judgment against Plaintiff and in favor of Defendants in the amount of $8,257, with interest to accrue at the statutory rate, for which execution should issue (Doc. 19). This report was sent by the electronic filing system to Mr. Gonzalez. Plaintiff did not object to the report.

On March 21, 2018, the District Judge adopted and confirmed the report and directed that judgment be entered (Doc. 20). On March 22, 2018, the Clerk entered the judgment, as ordered (Doc. 21). On April 18, 2018, at Defendants' request, the Clerk issued the Writ of Execution (Docs. 22 and 23). Per CM/ECF, notice of all these documents was timely sent to Mr. Gonzalez.

On April 24, 2018, the California court issued an order on the parties' cross motions for summary judgment. That court granted summary judgment in favor of Defendants and against Plaintiff with respect to: (1) Plaintiff's claim for false marking under 35 U.S.C. § 292; (2) Plaintiff's claim for unfair competition under section 43(a) of the Lanham Act; and (3) Plaintiff's antitrust claim for per se unlawful concerted refusal to deal under 15 U.S.C. § 1; the court granted summary judgment in favor of Defendants and against Plaintiff on Plaintiff's claim for infringement of claims 2, 3, 6, and 9 of the '993 patent; and the court granted summary judgment in favor of Plaintiff and against Defendant CHY on CHY's breach of contract counterclaim. On June 5, 2018, the California court entered judgment in favor of Plaintiff and against Defendant CHY on CHY's promissory estoppel and quantum meruit counterclaims (Doc. 463 in the California case).

On May 21, 2018, Plaintiff filed in this Court its motion to set aside the Order awarding reasonable attorney's fees (Doc. 24). Noting that trial in the

California case was scheduled for May 29, 2018, Defendants sought and received an extension of time to respond (Docs. 25, 26). On June 18, 2018, Defendants filed their response to Plaintiff's motion to set aside (Doc. 28).

The remaining claims in the underlying action were tried in California and, on June 1, 2018, the jury found no infringement and no invalidity. Thus, the California court entered judgment in favor of Defendants and against Plaintiff on Plaintiff's claim for infringement of claim 7 of the '993 patent (Doc. 463 in the California case).

On June 15, 2018, Defendants moved in this Court to compel Plaintiff to respond to post-judgment discovery (Doc. 27). Plaintiff has not filed any response to this motion.

The Court held an evidentiary hearing on July 13, 2018 (Docs. 36, 37) and the motions are now ripe for resolution.

<u>Plaintiff's Motion to Set Aside</u>

Plaintiff moves under Rule 60(b), FED. R. CIV. P., to set aside the November 27, 2017 Order (Doc. 12) finding that Defendants were entitled to recover attorney's fees from Plaintiff. As grounds, Plaintiff claims that it "never received service of the motion underlying the Order and thus had no opportunity to oppose prior to the Court's ruling." (Doc. 24 at 1). Plaintiff also alleges that it has a meritorious defense to the motion for fees in that, in denying the cross motions for sanctions, the California court had "already decided the matter." The motion is accompanied by the Declarations of Mr. Harbin (Doc. 24-3), Mr. Farkas (Doc. 24-4), and Mr. Gonzalez (Doc. 24-5), as well as copies of papers filed in the California case. On review, the Court finds the motion to be wholly without merit.

Rule 60(b) reads:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(b), FED. R. CIV. P. Plaintiff's motion cites to Rule 60(b)(1) and/or 60(b)(6). As the Eleventh Circuit has explained in a recent unpublished opinion:

> Rule 60(b)(1) allows a district court to grant relief from a final judgment, order, or proceeding due to mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). Generally, excusable neglect under Rule 60(b)(1) is an equitable inquiry turning on "all relevant circumstances," and the pertinent factors include "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (quotation marks and alteration omitted) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 389, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993)). In the default judgment context, we have held that "a defaulting party must show that: (1) [she] had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." Valdez v. Feltman (In re Worldwide Web Sys., Inc.), 328 F.3d 1291, 1295 (11th

Cir. 2003) (quotation marks omitted). "[I]n order to establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful." Id. at 1296 (quotation marks omitted).

Rule 60(b)(6), the catchall provision, authorizes setting aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Rule 60(b)(6) motions must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is ... a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (omission in original) (internal quotation marks omitted). However, *relief under Rule 60(b)(6) applies only to "cases that do not fall into any of the other categories" in Rule 60(b)(1) through (5).* United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cty., Ala., 920 F.2d 788, 791 (11th Cir. 1991); see also Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1133 (11th Cir. 1986).

Grant v. Pottinger-Gibson, 725 F. App'x 772, 775-76 (11th Cir. 2018) (emphasis added). Although not cited by Plaintiff, because the Order was reduced to a judgment and the asserted grounds for relief is lack of notice, Plaintiff might proceed under 60(b)(4).

Under Rule 60(b)(4), the district court is authorized to relieve a party "from a final judgment, order, or proceeding" if "the judgment is void." FED. R. CIV. P. 60(b)(4).1 A judgment is void under Rule 60(b)(4) only if the district court lacked subject matter jurisdiction or if the judgment was premised on a due process violation "that deprive[d] a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271, 130 S.Ct. 1367, 1377, 176 L.Ed.2d 158 (2010). A judgment is not void merely because the district court made a legal error in reaching it. See id. at 270, 130 S.Ct. at 1377. "Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal." Id.

Grant, 725 F. App'x at 774. Ultimately, regardless of which provision Plaintiff relies upon, the facts presented cannot support relief.

Plaintiff cannot establish any of the indicia of excusable neglect. The cornerstone of the motion is Plaintiff's assertion that it "never" received timely notice of Defendants

fees motion. In declarations submitted under penalty of perjury, Mr. Harbin and Mr. Farkas declare that they never received service of the November 7 motion and that prior to December 4, 2017,[2] they had no knowledge that the Defendants had filed the Rule 37 motion (Docs. 24-3 and 24-4). While the Court agrees that neither of these attorneys received electronic notice from CM/ECF, this is not surprising as neither of them appeared as counsel of record for Plaintiff in this case and neither of them is authorized, by special admission or otherwise, to represent Plaintiff before this Court. Absent a formal appearance (notice of appearance, signed pleading, motion to appear specially), these lawyers were not entitled to receive electronic notices from this Court.

Counsels' position that they had no notice of the fees motion until December 4 is simply not true. Defendants provided Mr. Harbin and Mr. Farkas a copy of the November 27 Order on the fees motion by filing that Order in the California case **on November 27, 2018.** (See Doc. 28-9, with attachments). At hearing, Mr. Harbin acknowledged the filing of the Order (which, of course, discussed the fees motion), but contends that he was "six to eight days behind" in reviewing papers filed in that case. That delay, and the consequences arising from it, do not constitute a lack of notice.

As for Mr. Gonzalez, although he declares that he "never received electronic service of the November 7th motion" (Doc. 24-5), the facts show otherwise. According to CM/ECF, concurrent with the filing of the motion, it was electronically sent to Mr. Gonzalez (the only counsel to appear in this matter on behalf of Plaintiff) at the addresses he provided to the Court. At hearing, Mr. Gonzalez confirmed that the email addresses were correct. More importantly, he admitted *that the motion had, in fact, been timely*

---

[2] The Declarations reference December 4, 201**5.** This is assumed to be a typographical error.

- 11 -

*received*, but was not brought to his attention by his staff. As electronic service is complete upon transmission, see Rule 5(b)(2)(E), FED. R. CIV. P,[3] the fact that Mr. Gonzalez may not have read the motion when it was received is unfortunate but irrelevant. Timely notice of the motion was provided to and received by Plaintiff's counsel of record. Counsel is charged with knowledge of what he properly received. There is no due process violation.

Even if the foregoing was not dispositive (it is), Plaintiff cannot show a meritorious defense to the fees motion. Although Mr. Gonzalez argued at hearing that the "identical issue" was already decided by Judge Huff in her decision on the cross motions for sanctions,[4] this is not true. In denying both emergency motions, this Court did not reach the merits of either. The Court found the motion with respect to Mr. Baker to be moot before it was filed[5] and the motion regarding Plaintiffs' deposition to be improvidently filed in the wrong forum. By contrast, Judge Huff directly addressed the merits (or lack thereof) of Plaintiff's objections with respect to the Rule 30(b)(6) deposition notices and the Baker subpoena. Plaintiff also errs in characterizing the finding of this Court as a finding that Plaintiff acted in "bad faith." The Court made no such finding, and one is not necessary to support an award of fees under Rule 37.[6]

---

[3] By registering with the Court to receive electronic filings, Mr. Gonzalez has consented to receipt of electronic papers. See II.B.2, Administrative Procedures for Electronic Filing ("By registering for CM/ECF, an E-filer consents to electronic service of all documents in accordance with the Federal Rules of Procedure, and waives the right to personal service or service by mail.").

[4] Mr. Harbin testified at hearing and acknowledged that the issue was not identical but presented "identical facts."

[5] Because the motion sought relief that was already provided before the motion was filed, Plaintiff's insistence that counsel did not actually review the email cancelling the deposition until after the Baker motion was filed does not make the motion any less moot.

[6] Both emergency motions were filed "pursuant to Rules 26(c)." (Docs. 1, 2). Rule 26(c)(3) provides that Rule 37(a)(5) applies to the award of expenses. Rule 37(a)(5)(B) provides: "If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make

The Court takes exception to Plaintiff's position, asserted at hearing, that it has a meritorious defense because California was the correct forum for determining the 30(b)(6) motion. This contention is the exact opposite of the position Plaintiff took in presenting its motion to this Court (see Doc. 2- "Rule 26(c)(a) authorizes filing this motion in this district as the deposition is sought to be taken in this district" - and Doc. 11-5 at pp. 7-11). Plaintiff cannot use the Court's finding that California was the proper forum as a post-hoc assertion of a meritorious defense *to its own motion.*

Finally, consideration of "all relevant circumstances" does not support relief here. Despite having actual knowledge of the fees motion since at least December 4 and stating its intention to move to set the Order aside, Plaintiff did not file its motion until May 21, 2018. Although Plaintiff acknowledged that defense counsel had timely sent copies of all filings after November 27, 2018, Plaintiff did not respond to the December 11, 2017 motion to set the amount of fees. It did not respond to the motion to enforce the Order granting fees. It filed no objections to the report and recommendation to enter judgment and had no response to the motion for issuance of a writ of execution. The lengthy delay, which was in the sole control of Plaintiff, does not support discretionary equitable relief.

Plaintiff filed an untimely motion setting forth meritless arguments to set aside an Order which has since been reduced to a judgment that Plaintiff did not appeal. The motion is therefore **DENIED.**

<u>Motion to Compel</u>

Defendants move for an Order compelling Plaintiff to respond to Defendants' Post-Judgment Request for Production of Documents and Special Interrogatories to Plaintiff.

---

an award of expenses unjust." Rule 37(a)(5)(B), Fed. R. Civ. P.

The discovery is related to collection of the judgment entered in this case. Defendants say Plaintiff has not responded to their Interrogatories. On May 25, 2018, Plaintiff did respond to Defendants' Request for Production, stating:

> Plaintiff objects to Request Nos. 1-17 on grounds that discovery is being sought for enforcement of a judgement that is invalid, is unenforceable, and/or was obtained by deceit and/or irregularities in proceedings.
>
> Subject to the foregoing objection, plaintiff will make available for inspection and copying relevant, non-privileged documents within its possession or control within a reasonable time period after any denial of plaintiff's motion under Rule 60 to set aside the Order underlying the enforcement action sought by defendants, or other ruling of the Court imposing an obligation upon plaintiff to respond.

Defendants seek an Order compelling Plaintiff to fully respond to the subject discovery within 15 days, produce all documents sought, and award Defendants their reasonable attorneys' fees in pursuit of the requested discovery.

FED. R. CIV. P. 69, which provides for the enforcement of money judgments, states that "the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Under the federal rules, the scope of discovery is well known:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

The rules "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). That said, relevancy is key. "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." U.S. v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Oliver v. City of Orlando, No. 6:06-cv-1671-Orl-31DAB, 2007 WL 3232227, at * 1 (M.D. Fla. Oct. 31, 2007) (citing United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958)). In a post-judgment collection context, the scope of discovery is limited to matters pertinent to the collection of the judgment. Regions Bank v. Hyman, No. 8:09-CV-1841-T-17MAP, 2015 WL 12859330, at *1 (M.D. Fla. Jan. 9, 2015).

Parties can seek the production of information or answers to interrogatories within the scope of Rule 26(b). See FED. R. CIV. P. 33 and 34. A party objecting to a request for production must: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2). Parties must answer or object to interrogatories within 30 days after service. FED. R. CIV. P. 33(b)(2). "The grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Id. The rules leave no place for boilerplate style objections. Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D.

Fla. Dec. 7, 2011) (quoting Milinazzo v. State Farm Ins. Co., 247 F.R.D. 691, 695 (S.D. Fla. 2007)).

Plaintiff's refusal to respond to the Interrogatories is unexcused. No motion for extension or for protective order was filed and the discovery sought is relevant. As for the request for production, Plaintiff's objection is **overruled**. The motion to compel is **GRANTED**, and Plaintiff shall to respond to the Interrogatories in full, under oath, and provide all responsive documents within 15 days of this Order.

When a court grants a motion to compel, or if the discovery is provided after the motion is filed, the moving party is entitled to recover its reasonable expenses in making the motion, including attorney's fees, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). None of these exceptions apply and an award of fees is appropriate. Defendants' motion does not specify the amount of fees sought. While the Court normally directs the parties to confer and, if no resolution is reached, allows the prevailing party to then file a particularized application for fees, in view of the history of this case a quicker conclusion to these proceedings is in the best interest of all parties. Therefore, motion costs in the amount of **$750 are taxed against Plaintiff**.

A final note is in order. This file was opened to handle what was purported to be two "emergency" motions, pertinent to the main case pending in California. The motions were filed on October 30. Within one day, the Court held a hearing and issued its Order on the motions. Since then, an inordinate amount of judicial time has been expended on matters collateral to what is, itself, a collateral matter. The underlying action has been

resolved and the time is long past to put this case to bed. The parties would be well served to stop the expenditure of additional fees and costs, on both sides, and come to a resolution on the outstanding judgment and the fees imposed by this Order.

**DONE** and **ORDERED** in Orlando, Florida on July 18, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record